### KNAUER v. KNAUER.

(Supreme Court, Appellate Division, First Department. November 8, 1907.)

DIVORCE—CONTEMPT—FAILURE TO PAY ALIMONY.

A defendant in a divorce action, who fails without excuse to comply with a judgment requiring the payment of alimony, may be punished for contempt, notwithstanding the pendency of a motion by him to set aside the judgment.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 17, Divorce, § 756.]

Appeal from Special Term.

Action by Alvina J. Knauer against Adam C. Knauer. From an order denying plaintiff's motion to punish defendant for contempt in failing to pay alimony as directed by a judgment, plaintiff appeals. Reversed.

Argued before PATTERSON, P. J., and INGRAHAM, CLARKE, SCOTT, and LAMBERT, JJ.

George E. Morgan and Sidney Smith, for appellant.

Harry R. Berlinicke and Harry C. Adams, for respondent.

INGRAHAM, J. This action was for a limited divorce upon the ground of cruel and inhuman treatment. Answer was interposed by the defendant, in which he admitted the marriage and denied each and every other allegation of the complaint. The answer was not verified by the defendant, but by his attorney. The action came on for trial, and, the defendant not appearing, final judgment was entered for the plaintiff on the 28th of February, 1907, requiring the defendant to pay to the plaintiff the sum of $4 per week. A certified copy of this judgment was served upon the defendant on the 2d of March, 1907. Defendant having failed to comply with the judgment, a formal demand was made upon him on the 9th of July, 1907, for the payment of $56, that being the amount then due, which being refused, this motion was made to punish the defendant for contempt.

Not the slightest excuse for this failure to pay was submitted; the only answer to plaintiff's application being that the defendant's attorney stated that he had made a motion to set aside the judgment, and requesting a postponement of this motion to punish for contempt until after a decision on the motion to set aside the judgment. The judgment was in all respects regular, not the slightest excuse for failing to comply with its provisions was presented, and, unless the parties to an action are to be allowed to disobey with impunity mandates of the Supreme Court, this judgment should be enforced. If the defendant should be relieved from the consequences of his default, he was not relieved from obedience to the judgment while it was in force. The judgment required the defendant to pay to the plaintiff a sum of money for her support. It was disobeyed, and plaintiff was clearly entitled to invoke the power of the court to compel obedience to its judgment.

The order appealed from is therefore reversed, with $10 costs and disbursements, and the motion to punish the defendant for contempt is granted, with $10 costs. All concur.